UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joyce Espinosa | : | |
| 7976 Chase Circle, # 76 | : | |
| Arvada, Colorado  80003 | : | |
|     Plaintiff | : | |
| vs. | : | **COMPLAINT** |
| | : | |
| Valentine & Kebartas, Inc., | : | |
| 15 Union Street | : | |
| Lawrence, Massachusetts 01840, | : | JURY TRIAL DEMANDED |
|     Defendant | : | |

## INTRODUCTION

1. This action is brought by an individual consumer for damages for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d) and  28 U.S.C. 1331. Venue in this district is proper in that the defendant is domiciled and transacts business here and some of the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Joyce Espinosa, is an adult individual residing at 7976 Chase Circle, # 76, Arvada, Colorado  80003.

4. The plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

5. Defendant, Valentine & Kebartas, Inc., is a Massachusetts corporation with principal place of business located at 15 Union Street, Lawrence, Massachusetts 01840.

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

7. Defendant is licensed as a debt collector by the Commonwealth of Massachusetts and as a collection agency by the state of Colorado.

## FACTUAL ALLEGATIONS

8. Sometime before January 2009 the plaintiff incurred financial obligations that were primarily for personal, family or household purposes, namely a credit card issued by Sears and a credit card issued by JCPenney.

9. Each of these accounts was a "debt" as that term is defined by 15 U.S.C. §1692(a)(5).

10. Each of these accounts went into default with the original creditor.

11. Sometime after each account went into default it was assigned, placed, or otherwise transferred to the defendant.

### JCPenney Account

12. On or about January 12, 2009, defendant, through an agent identified as Nick Pagliaro, placed a telephone call from its Massachusetts office to plaintiff's home.

13. This was defendant's first communication with plaintiff.

14. Defendant's agent left a voicemail message on plaintiff's telephone, referring to a "case number," and advising plaintiff that if she did not respond within 24 hours he would refer the case for further action.

15. The message implied that it was from a law office and that a legal action had been filed or was about to be filed against the plaintiff.

16. At the time it left the message, the defendant had not filed and was not about to file a legal action.

17. The plaintiff returned the defendant's call.

18. The defendant informed the plaintiff that she owed approximately $1000 on this account.

19. At the time it was charged off, the plaintiff owed approximately $700 to JCPenney, and she had made additional payments of approximately $300 since then.

20. This call on this occasion from defendant to plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692(e)(2), 1692(e)(3), 1692(e)(5), 1692(e)(10), and 1692(e)(11).

## Sears Account

21. A short time later, defendant through its agent placed a telephone call from its Florida office to plaintiff's home.

22. The plaintiff's caller identification unit identified this call as coming from "866-598-2788 law office Florida."

23. Plaintiff picked up the telephone and spoke to defendant's agent.

24. Defendant's agent alleged that plaintiff's balance on the Sears account was $700.

25. At the time her account was closed, plaintiff had owed approximately $600, and plaintiff had paid at least $200 in the interim.

26. This call on this occasion from Defendant to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), and 1692e(11).

## Further Communications

27. On or about January 23, 2009, Plaintiff sent letters to Defendant at both its Florida and Massachusetts addresses, each requesting that all communication from Defendant cease except for proof of the alleged debt.

28. Defendant received the letters on January 26 and 27, 2009, respectively.

29. Despite Plaintiff's request to cease communication, Defendant continued to call Plaintiff repeatedly regarding the same alleged consumer accounts on occasions including but not limited to:

   a. February 20, 2009 at 9:14 P.M. from 866-598-2788

   b. February 21, 2009 at 11:15 A.M. from 866-598-2788

   c. February 23, 2009 at 4:10 P.M. from 800-731-7766

   d. February 24, 2009 at 12:20 P.M. from 866-598-2788

   e. February 24, 2009 at 2:47 P.M. from 800-731-7766

   f. February 25, 2009 at 3:30 P.M. from 800-731-7766

   g. April 24, 2009, at 4:24 P.M. from 800-731-7766

   h. April 25, 2009, at 8:27 A.M. from 800-731-7766

   i. April 28, 2009, at 4:47 P.M. from 800-731-7766

   j. April 29, 2009, at 9:16 A.M. from 866-598-2788

   k. April 29, 2009, at 4:15 P.M. from 800-731-7766

    l.  April 30, 2009, at 8:44 A.M. and 1:47 P.M. from 800-731-7766

    m.  April 30, 2009, at 2:10 P.M. from 866-598-2788

    n.  May 5, 2009, at 12:34 P.M. from 866-598-2788

    o.  May 6, 2009, at 1:08 P.M. from 866-598-2788

    p.  May 6, 2009, at 3:27 P.M. from 800-731-7766

    q.  May 7, 2009, at 8:44 A.M. from 800-731-7766

    r.  May 8, 2009, at 8:30 A.M. from 866-598-2788

30. Defendant has failed to provide proof of the alleged debts.

31. Defendant has failed to send plaintiff a 30-day validation notice, in violation of 15 USC §§1692g.

32. By continuing to contact plaintiff after she sent it a written notice to cease communication, Defendant violated 15 USC §§1692c(c) and 1692g(b).

33. As a result of all of these illegal collection communications, plaintiff has suffered damages in the form of anger, anxiety, fear, frustration, upset, humiliation, and emotional distress.

## CAUSE OF ACTION:
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) ; for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) ; for costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);  and for all other relief to which plaintiff may appear entitled.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

> Respectfully submitted,
> /s/ Deborah G. Roher
> Deborah G. Roher, BBO #552047
> 56 N. Main Street, #413
> Fall River, MA  02722
> (508) 672-1383
> *droher@massattorneys.net*

May 14, 2009